UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

MELVIN CASANAS,

      Plaintiff,
v.                                                                            **JURY TRIAL DEMANDED**

GLOBAL ONE TRAINING GROUP, LLC, a
Florida limited liability company; AIRLINE
TRAINING & LEASING CORP., a Florida
profit corporation; GEORGE LANDA, and
WILLIAM RUBIANO,

      Defendants.
_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, MELVIN CASANAS, ("CASANAS") by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, GLOBAL ONE TRAINING GROUP, LLC, a Florida limited liability company, (hereinafter "GLOBAL"); AIRLINE TRAINING & LEASING CORP., a Florida profit corporation, (hereinafter, "AIRLINE"), GEORGE LANDA (hereinafter, "LANDA"), and WILLIAM RUBIANO (hereinafter, "RUBIANO"), and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, GLOBAL

was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the corporate Defendant, AIRLINE was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, GLOBAL, AIRLINE, LANDA and RUBIANO operated a business designed to provide airline education and flight skills trainings through use of flight simulators.  Plaintiff, CASANAS' work, and the work of at least 5 other employees employed by the Defendants, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.  This included computers, simulators, aviation supplies, and other electronic components that were manufactured outside the State of Florida.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## **VENUE**

7. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida

and,

b. The Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, CASANAS was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendants, GLOBAL and AIRLINE, respectively, were conducting business in Miami-Dade County, Florida, which is within the Southern District of Florida.

10. At all times material hereto, Defendants were the employer of Plaintiff, CASANAS.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, the Defendants knowingly and willfully failed to pay Plaintiff, CASANAS his lawfully earned wages in conformance with the FLSA.

13. The Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, GLOBAL was an "enterprise" engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, corporate Defendant, AIRLINE was an "enterprise" engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, CASANAS was directly essential to the business performed by Defendant, GLOBAL.

17. Plaintiff, CASANAS has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. On or about February 8, 2016, Plaintiff, CASANAS was hired by the Defendants as flight simulator technician. His employment ended on January 8, 2019.

19. Plaintiff, CASANAS was paid an hourly wage of $25.00 per hour.

20. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff, CASANAS.

21. Defendants, LANDA and RUBIANO were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff.  Therefore, they are personally liable for the FLSA violations.

22. Defendants, LANDA and RUBIANO were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

23. Plaintiff, CASANAS has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

24. Plaintiff, CASANAS repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff, CASANAS' employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

26. During Plaintiff, CASANAS' employment, Plaintiff, CASANAS worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, CASANAS was entitled to be paid at the rate of time and one-half for all of his hours worked in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the number of hours worked by Plaintiff, CASANAS and the actual compensation paid to Plaintiff, CASANAS are in the possession and custody of the Defendant. Plaintiff, CASANAS intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

28. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, CASANAS at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

29. Defendants failed to properly disclose or apprise Plaintiff, CASANAS of his rights under the FLSA.

30. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff, CASANAS is entitled to liquidated damages pursuant to the FLSA.

31. Due to the willful and unlawful actions of the Defendants, Plaintiff, CASANAS has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiff, CASANAS is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, CASANAS respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;
b. Awarding Plaintiff, CASANAS overtime compensation in the amount calculated;
c. Awarding Plaintiff, CASANAS liquidated damages in the amount calculated;
d. Awarding Plaintiff, CASANAS reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);
e. Awarding Plaintiff, CASANAS post-judgment interest; and
f. Ordering any other and further relief this Court deems to be just and proper.

DATED: January 15, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com
By: s/. Peter Bober
    PETER BOBER
    FBN: 0122955
    SAMARA BOBER
    FBN: 0156248